# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT L. HINES, III, <br>     Plaintiff, | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 19-CV-3139 |
| TAMMY FERGUSON, *et al.*, <br>     Defendants. | : <br> : <br> : |

**FILED**

JUL 3 1 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

**TUCKER, J.**                                                                                                                                         **JULY 30, 2019**

Plaintiff Robert L. Hines, III, a prisoner currently incarcerated at SCI Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations related to the destruction of inmate property during the transfer of prisoners from SCI Graterford to SCI Phoenix. He names as Defendants: (1) Tammy Ferguson, Superintendent of SCI Graterford and SCI Phoenix; (2) Mandy Sipple, Deputy Superintendent of SCI Graterford and SCI Phoenix; (3) "C.E.R.T. John Does," the employees responsible for the move; and (4) Secretary of Correction John Wetzel. Hines seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Hines leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim.

## I.    FACTS[1]

Hines was previously incarcerated at SCI Graterford. As that prison was closing, inmates and their property were relocated to SCI Phoenix. Hines alleges members of a Corrections Emergency Response Team ("CERT") took custody of prisoners' property in connection with the move. Hines alleges generally that prisoners' property was destroyed, lost, or left in disarray.

---

[1] The allegations are taken from Hines's Complaint. (*See* ECF No. 1.)

1

He also makes allegations that there were personal disputes among permanent staff at SCI Graterford/Phoenix and members of CERT. He claims that certain CERT members engaged in a systematic conspiracy designed to harm and frustrate the prisoners by damaging and destroying their personal property during the move to SCI Phoenix. This included religious items, legal material, family photos and personal care products. Hines claims that the "root cause of their actions [was] inherently racism and religious discrimination" because the John Does are "white males, ex military personnel, and live in the middle district, thus their motive was no other than hatred." (Compl. at 11.)[2]

Hines's allegations are at times stated generally, discussing the experiences of "prisoners" in conclusory and collective terms, rather than alleging how he himself was injured by the actions he describes. He also describes the actions of the named supervisory Defendants in general terms. For example, he asserts that Defendants Wetzel, Ferguson and Sipple, each of whom are supervisory officials at SCI Graterford/Phoenix, "are indirectly responsible [for the actions of the John Doe CERT Defendants] as they hired, and was overseer of these Defendants, and thus, they knew, or should have known about the crimes this group of officers were engaging in, since hundreds of prisoners were complaining and hundreds of staff members witnessed and had to address this matter to the Defendants." (*Id.* at 8.)

Hines asserts claims under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. He appears to be seeking relief on behalf of prisoners other than himself, as the Complaint seeks a global settlement for prisoners who lost property in connection with the transfer. (*Id.* at 17-18.) Hines also attached to his Complaint an affidavit he signed, as well as identical affidavits from

---

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

several prisoners who are not parties to this case, explaining that he filed grievances to remedy the loss of property but that the grievance process at SCI Phoenix was suspended and frustrated. (*Id.* at 31-43.)

Although Hines does not describe the property he lost in the body of the Complaint, grievances that he attached as exhibits reflect that Hines lost the following property in the course of the transfer: (1) two thermal tops; (2) two thermal bottoms; (3) one wash tub; (4) one bathrobe; (5) one skull candy headphones; (6) one JVC headphones; (7) a TV remote; (8) shower shoes; (9) a prayer rug; (10) three towels (11) art supplies; (12) assorted religious materials; (13) eye drops; and (14) a pair of Nike sneakers. (*Id.* at 48; *see also id.* at 56.) It appears that Hines was compensated $221.59 for his missing property. He also claimed to have lost assorted legal material, family photographs, obituaries, and artwork. (*Id.* at 51.) In one of his grievances, Hines claimed that he lost a "prepared appeal brief" in the transfer that he was required to file to meet a deadline in state court "or be time barred" in his criminal case, *see Commonwealth v. Hines*, CP-51-CR-0606671-1997. (*Id.* at 61-63.) A prison employee responded to the grievance by indicting that Hines could forward his information "to DOC legal for a requested extension" along with the docket number for his case. (*Id.* at 61.)

## II. STANDARD OF REVIEW

The Court grants Hines leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[3] However, as Hines is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Hines is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Hines has failed to state a claim.

### A. Lack of Standing

Many of Hines's allegations pertain to general conduct that occurred during the transition, but which did not affect him. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). Specifically, "[t]o have standing to bring a claim in federal court, a plaintiff must show, inter alia, that he has 'suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (per curiam) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To the extent Hines is raising claims based on conduct that did not

4

directly affect his property or cause him harm, and to the extent Hines is raising claims on behalf of other inmates, he lacks standing to pursue those claims.

**B. Shutting Down the Grievance System**

Hines's allegations about the shutting down of the grievance system also do not state a claim. "Prison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, although shutting down the grievance system would affect the analysis regarding whether Hines properly exhausted his claims as required by the Prison Litigation Reform Act, it does not provide an independent basis for a constitutional claim. The Court will therefore dismiss any claims based on allegations related to the grievance system.

**C. First Amendment Claims**

Hines may be pursuing a claim under the First Amendment that he was denied access to the courts. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.

Hines has not pled any specific facts that would allow the Court to conclude that he has been prevented from pursing a non-frivolous challenge to his conviction. A grievance attached

5

to his Complaint suggests that he was concerned about a deadline in his criminal case or a related appeal, but he has not adequately alleged that the lost legal materials caused him to forfeit a nonfrivolous claim. Accordingly, Hines has not plausibly alleged that he has suffered an actual injury sufficient to sustain a claim that he was denied access to the courts.[4] *See Bowens v. Matthews*, No. 18-3032, 2019 WL 1461537, at *2 (3d Cir. Apr. 2, 2019) ("To the extent that Bowens described his PCRA claim at all, he did not describe it well enough to show that it is 'nonfrivolous' or 'arguable.'"); *Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "defendants confiscated their legal materials" and that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim).

Although Hines alludes to religion in his Complaint and his grievances reflect that certain religious items were lost, he does not allege a basis for a claim that he was prevented from exercising his religion in accordance with the First Amendment. Accordingly, any such First Amendment claims are also dismissed.

### D. Fifth Amendment Claims

The Court understands Hines to be raising a claim under the Takings Clause of the Fifth Amendment. "The Takings Clause of the Fifth Amendment provides that 'private property [shall not] be taken for public use, without just compensation.'"[5] *Nat'l Amusements Inc. v. Borough of Palmyra*, 716 F.3d 57, 63 (3d Cir. 2013) (quoting U.S. Const. amend. V) (alteration in original). Nothing in the Complaint suggests that Hines's property was taken for a public purpose.

---

[4] Nor has Hines alleged that he has no other remedy to compensate him.

[5] The Takings Clause applies to the states through the Fourteenth Amendment. *See Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001).

6

Accordingly, the Takings Clause is not implicated here. *See Roop v. Ryan*, No. CV 12-0270-PHX-RCB, 2012 WL 1068637, at *3 (D. Ariz. Mar. 29, 2012) ("A prisoner property claim only implicates the Fifth Amendment Takings Clause where the prisoner alleges that prison officials took his personal property and converted it for public use without just compensation."); *Allen v. Wood*, 970 F. Supp. 824, 831 (E.D. Wash. 1997) ("Plaintiff fails to show that property he was authorized to receive was taken for public use.").

### E. Sixth Amendment Claims

Hines also indicates that he is raising claims under the Sixth Amendment. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Those protections, which pertain to criminal trials, bear no relevance to Hines's allegations about his property. Accordingly, the Court will dismiss any Sixth Amendment claims.

### F. Eighth Amendment Claims

The destruction of Hines's property also does not provide a basis for a claim under the Eighth Amendment. Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for

7

the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." *Id.* The destruction of property does not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment. *See Payne v. Duncan*, No. 3:15-CV-1010, 2017 WL 542032, at *9 (M.D. Pa. Feb. 9, 2017) ("Plaintiff's claim for destruction of property under the Eighth Amendment does not constitute a deprivation of life's necessities."), *aff'd*, 692 F. App'x 680 (3d Cir. 2017); *Dean v. Folino*, No. CIV.A. 11-525, 2011 WL 4527352, at *3 (W.D. Pa. Aug. 22, 2011) (allegations regarding destruction of property did not state Eighth Amendment claim), *report and recommendation adopted*, No. CIV.A. 11-525, 2011 WL 4502869 (W.D. Pa. Sept. 28, 2011). Accordingly, the Court will dismiss Hines's Eighth Amendment claims.

### G. Fourteenth Amendment Claims

Hines is also pursuing a due process claim under the Fourteenth Amendment based on the loss and/or destruction of his property. However, there is no basis for a due process claim because Pennsylvania law provides Hines with an adequate state remedy. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property). Accordingly, Hines has not stated a basis for a due process claim because state law provides him a remedy for his destroyed property. *See McNeil v. Grim*, 736 F. App'x 33, 35 (3d Cir. 2018)

(per curiam) ("[E]ven if McNeil claimed that the prison grievance procedures were constitutionally inadequate, Pennsylvania's state tort law would provide an additional adequate remedy.").

Hines also appears to be raising equal protection claims under the Fourteenth Amendment. However, nothing in Hines's Complaint suggests that he was treated differently due to his membership in a protected class. Indeed, prisoners do not constitute a protected class for Fourteenth Amendment purposes. *See Myrie v. Comm'r, N.J. Dep't of Corr.*, 267 F.3d 251, 263 (3d Cir. 2001). Furthermore, Hines has not alleged that he was treated differently from others who were similarly situated. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (to state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment"); *see also Faruq v. McCollum*, 545 F. App'x 84, 87 (3d Cir. 2013) ("To state a claim for race- or religion-based discrimination, [plaintiff] needed to show specifically that he received different treatment from that received by other similarly situated inmates." (citing *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003)). To the contrary, the Complaint reflects that Hines is alleging that many inmates were subjected to the same or similar conditions of which he complains. Accordingly, Hines has not alleged a basis for an equal protection claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Hines's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Hernandez v. Corr. Emergency Response Team*, No. 18-3391, 2019 WL 2515829, at *1 (3d Cir. June 18, 2019) (per curiam) (affirming dismissal of amended complaint where inmate "alleged in his complaint that when he and all

9

other prisoners were moved from SCI Graterford to SCI Phoenix, many prisoners' possessions were destroyed or damaged, including his legal materials"). However, Hines will be permitted to file an amended complaint in the event he can cure any of the defects in his claims. An appropriate Order follows.

**BY THE COURT:**

_____
**PETRESE B. TUCKER, J.**